UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:11-cr-00386-HA |
| Plaintiff, | 3:08-cr-00165-HA |
| v. | ORDER |
| ANDREW LAUD BARNETT, | |
| Defendant. | |

HAGGERTY, District Judge:

Defendant is currently confined at the Multnomah County Detention Center serving a
prior state court sentence. While incarcerated at the Multnomah County Detention Center, and
after being indicted in this court for mailing threatening communications, defendant has
continued to mail several letters to the court. On May 1, 2012, this court entered an order
requiring the personnel of the Mulnomah County Detention Center to confiscate any outgoing
mail submitted by defendant, and forward it to defendant's counsel. Despite that order, defendant
has persisted in sending mail to the court, and it is believed, in sending threatening mail to
certain public premises. These letters disrupt the operations of the court and constitute a menace

1 -- ORDER

to the public. As a result of defendant's conduct, further restrictions on his access to mail are warranted.

As a general rule, prisoners retain those First Amendment rights not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Limitations may be placed on a prisoner's outgoing mail privileges if the limitation in question (1) "furthers an important government interest unrelated to the suppression of expression," and (2) is "no greater than necessary or essential" to protect the government interest involved. *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989). Outgoing mail which might violate postal regulations, e.g. threats, blackmail, or contraband, may be disallowed. *Id.* at 414 n.14.

Because defendant has persisted in sending threatening letters, IT IS ORDERED that, to the extent practicable and until the above titled cases are resolved, any facility housing defendant shall:

1) House defendant in the most restrictive setting available pending disposition of all defendant's federal cases;

2) Prohibit defendant from mailing any letters to any person;

3) Prohibit defendant from having access to any writing instrument including paper, pens, pencils, typewriters, and envelopes;

3) Prohibit defendant from possessing any medications in his cell including ibuprofen, NSAIDS, and Tums;

4) Prohibit defendant from possessing any powders, or any substances which can readily be reduced or converted to powder.

2 -- ORDER

This order shall not be construed to limit defendant's access to his counsel, except that defendant may not send letters to counsel.  Defendant's counsel shall continue to have the right to visit defendant, and defendant shall have the right to telephone counsel through secure and unmonitored telephone lines.  However, any facility housing defendant shall dial counsel's telephone number for defendant and shall not permit defendant to call other persons of his own choosing via unmonitored telephone calls.

This order shall not be construed to prevent any facility housing defendant from administering appropriate medications to defendant.

It is further ORDERED that defendant is prohibited from sending, or causing others to send, any mail during the remainder of his incarceration prior to the resolution of the above titled cases.  Defendant's violation of this order will result in a finding of contempt of court and possible sanctions, including jail sentences consecutive to defendant's current state court sentence.

The above orders are entered in response to a letter received by the court following the court's May 1, 2012 order, and upon receipt of information from the U.S. Marshals Service that defendant may have sent threatening letters to the public.  At the request of the government or defense counsel, the court will set a hearing to examine this order and discuss the conditions of defendant's incarceration.  The clerk is directed to send a copy of this order to defendant and to any facility housing defendant.

IT IS SO ORDERED.

DATED this _10_ day of May, 2012.

Ancer L. Haggerty
United States District Judge

3 -- ORDER